MAG

# United States District Court
## District of Massachusetts (Springfield)
### CRIMINAL DOCKET FOR CASE #: 3:07-cr-30002-KPN All Defendants
### Internal Use Only

Case title: USA v. Davis

Date Filed: 02/07/2007
Date Terminated: 05/24/2007

Assigned to: Magistrate Judge Kenneth P. Neiman

**Defendant**

**Willie Ray Davis, III** (1)
*TERMINATED: 05/24/2007*

represented by **Joseph D. Bernard**
Law Office of Joseph D. Bernard P.C.
73 State Street
Suite 301
Springfield, MA 01103
413-731-9995
Fax: 413-730-6647
Email: Joe@Bernardatlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Pending Counts**

POSSESSION OF COCAINE BASE
(1)

POSSESSION OF COCAINE BASE,
21:844A=NP.M
(1s)

I hereby certify on 8/8/07 that the foregoing document is true and correct copy of the
☒ electronic docket in the captioned case
☐ electronically filed original filed on _____
☐ original filed in my office on _____
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

**Disposition**

Probation for three years with conditions as follows: 1. The defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon. 2. The defendant is to pay the balance of the fine according to a court-ordered repayment schedule. 3. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding. 4. The defendant is to provide the Probation Office access to any requested financial information,

which may be shared with the Financial Litigation Unit of the U.S. Attorneys Office. 5. The defendant is not to consume any alcoholic beverages. 6. The defendant is to immediately participate in an inpatient program for substance abuse counseling as directed by the United States Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment. 7. Following the defendants completion of the inpatient drug treatment program and halfway house component of treatment, the defendant is to serve 5 months in home detention with electronic monitoring and shall pay for the costs of the program as determined under the national contract. The defendant is responsible for returning the monitoring equipment in good condition and may be charged for replacement or repair of the equipment. 8. The defendant shall use his true name and is prohibited from the use of any false identifying information which includes, but is not limited to, any aliases, false dates of birth, false social security numbers, and incorrect places of birth. Assessment fee of $25.00 payable immediately and a fine of $1,000.00 payable immediately pursuant to a court ordered payment schedule.

**Highest Offense Level (Opening)**

Misdemeanor

**Terminated Counts**

None

**Disposition**

### Highest Offense Level (Terminated)
None

### Complaints
CONSPIRACY TO DISTRIBUTE COCAINE BASE 21:846=CD.F and DISTRIBUTION OF COCAINE BASE, 21:841

### Disposition

### Plaintiff
USA

represented by **Paul Smyth**
U.S. Attorney's Office
1550 Main St.
Springfield, MA 01103
413-785-0106
Email: paul.smyth@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 10/05/2006 | 1 | SEALED COMPLAINT as to Willie Davis (1). (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 10/13/2006) |
| 10/05/2006 | 2 | MOTION to Seal as to Willie Davis by USA. (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 10/13/2006) |
| 10/05/2006 | 3 | Arrest Warrant Issued by Kenneth P. Neiman as to Willie Davis. (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 10/13/2006) |
| 10/06/2006 |  | Magistrate Judge Kenneth P. Neiman. ELECTRONIC ORDER entered granting 2 Motion to Seal as to Willie Davis (1) (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 10/13/2006) |
| 11/06/2006 |  | Arrest of Willie Ray Davis, III in Middle Alabama on 11/6/06 (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 12/01/2006) |
| 11/14/2006 | 4 | WAIVER of Rule 5 and 5.1 Hearings Paper Work Received as to Willie Davis (Lindsay, Maurice) [3:06-mj-00635-KPN *SEALED*] (Entered: 11/14/2006) |
| 12/01/2006 | 5 | NOTICE OF ATTORNEY APPEARANCE: Joseph D. Bernard appearing for Willie Ray Davis, III (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 12/01/2006) |

| | | |
|---|---|---|
| 12/01/2006 | | Electronic Clerk's Notes for proceedings held before Magistrate Judge Kenneth P. Neiman. Counsel (Attys Smyth and Bernard) appear for Initial Appearance as to Willie Ray Davis, III held on 12/1/2006. Deft advised of rights and requests appointment of counsel. Court appoints Atty Bernard to represent Deft. Govt moves for detention. Further hearing set for 12/7/06 at 11:30 a.m. in Courtroom Three. Deft to remain in custody pending hearing. (Court Reporter FTR (12:10 p.m.).) (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 12/01/2006) |
| 12/01/2006 | 6 | Magistrate Judge Kenneth P. Neiman. ORDER OF TEMPORARY DETENTION as to Willie Ray Davis, III ENTERED, cc:cl. Detention Hearing set for 12/7/2006 at 11:30 AM in Courtroom 3 before Magistrate Judge Kenneth P. Neiman. (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 12/01/2006) |
| 12/01/2006 | 7 | MOTION for Detention as to Willie Ray Davis, IIIby USA. (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 12/01/2006) |
| 12/07/2006 | | Electronic Clerk's Notes for proceedings held before Magistrate Judge Kenneth P. Neiman. Counsel (Attys Smyth and Bernard) and Defendant appear for Detention Hearing as to Willie Ray Davis, III held on 12/7/2006. Colloquy re: status of complaint. Government indicates it is not opposed to release. Colloquy with Ms. Linda Goines re: willingness to sign bond. Conditions established by the court. Deft waives right to probable cause hearing- waiver executed. No further hearing date set pending notification by Government. (Court Reporter FTR (11:35 a.m.).) (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 12/07/2006) |
| 12/07/2006 | 8 | WAIVER of Preliminary Examination or Hearing by Willie Ray Davis, III (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 12/07/2006) |
| 12/07/2006 | 9 | Magistrate Judge Kenneth P. Neiman. ORDER Setting Conditions of Release as to Willie Ray Davis, III ENTERED, cc:cl. [COnditions: Deft to execute $5,000 unsec. bond; Deft's fiancee, Linda Goines to execute $5,000 unsec bond; report to PTS as directed; maintain/actively seek employment; travel restricted to Alabama, with travel allowed to and from District of MA for court aprs; maintain residence with grandparents, Lola and Bennie Edwards at 103 Paul Street, Enterprise,AL; no use of drugs; submit to random drug testing as required] (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 12/07/2006) |
| 12/07/2006 | 10 | Unsecured Appearance Bond Entered as to Willie Ray Davis, III in amount of $ 5,000, (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 12/07/2006) |
| 12/07/2006 | 11 | Unsecured Appearance Bond Entered as to Willie Ray Davis, III (signed by Linda Goines) in amount of $ 5,000, (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 12/07/2006) |

| 12/07/2006 | ◉ | Magistrate Judge Kenneth P. Neiman. ELECTRONIC ORDER denying 7 Motion for Detention as to Willie Ray Davis III (1) ENTERED, cc:cl. (Healy, Bethaney) [3:06-mj-00635-KPN *SEALED*] (Entered: 12/07/2006) |
|---|---|---|
| 02/06/2007 | ◉12 | MOTION to Seal Case as to Willie Ray Davis, IIIby USA. (Healy, Bethaney) (Entered: 02/07/2007) |
| 02/06/2007 | ◉13 | INFORMATION (Misdemeanor - Sealed) as to Willie Ray Davis, III (1) count(s) 1. (Healy, Bethaney) (Entered: 02/07/2007) |
| 02/06/2007 | ◉14 | Memorandum regarding Local Rule 116.5 as to Willie Ray Davis, III and U.S.A. (Healy, Bethaney) (Entered: 02/07/2007) |
| 02/07/2007 | ◉ | Magistrate Judge Kenneth P. Neiman. ELECTRONIC ORDER granting 12 Motion to Seal Case as to Willie Ray Davis III (1) ENTERED, cc:cl. (Healy, Bethaney) (Entered: 02/07/2007) |
| 02/21/2007 | ◉ | ELECTRONIC NOTICE OF RESCHEDULING as to Willie Ray Davis, III, ISSUED, cc:cl. Plea Hearing set for 2/22/2007 at 12:30 PM in Courtroom 3 before Magistrate Judge Kenneth P. Neiman. NOTE CHANGE IN TIME ONLY.(Healy, Bethaney) (Entered: 02/21/2007) |
| 02/22/2007 | ◉ | District Judge Michael A Ponsor : Electronic ORDER entered. ORDER REFERRING CASE to Magistrate Judge Kenneth P. Neiman Reason for referral: plea and sentencing as to Willie Ray Davis, III (Healy, Bethaney) (Entered: 02/22/2007) |
| 02/22/2007 | ◉15 | Judge Kenneth P. Neiman : ORDER entered. CJA 20 as to Willie Ray Davis, III: Appointment of Attorney Joseph D. Bernard for Willie Ray Davis, III. (Healy, Bethaney) (Entered: 02/28/2007) |
| 02/22/2007 | ◉16 | CONSENT TO TRIAL BEFORE US MAGISTRATE JUDGE by Willie Ray Davis, III and United States of America. (Healy, Bethaney) (Entered: 02/28/2007) |
| 02/22/2007 | ◉17 | WAIVER OF INDICTMENT by Willie Ray Davis, III (Healy, Bethaney) (Entered: 02/28/2007) |
| 02/22/2007 | ◉ | Electronic Clerk's Notes for proceedings held before Magistrate Judge Kenneth P. Neiman. Counsel (Attys Smyth and Bernard) appear for Plea to Information as to Willie Ray Davis III (1) Count 1s held on 2/22/2007. Deft files waiver of indictment and consent to proceed before Magistrate Judge Neiman. Case reassigned to Magistrate Judge Neiman this day. Deft placed under oath. Colloquy with court. Deft pleads guilty to Count One of the Misdemeanor Information. Sentencing set for 5/21/07 at 2:00 p.m. Procedural Order to issue. (Court Reporter FTR.) (Healy, Bethaney) (Entered: 02/28/2007) |
| 02/28/2007 | ◉18 | Magistrate Judge Kenneth P. Neiman. PROCEDURAL ORDER re sentencing hearing as to Willie Ray Davis, III ENTERED, cc:cl. Sentencing set for 5/21/2007 02:00 PM in Courtroom 3 before Magistrate |

| | | |
|---|---|---|
| | | Judge Kenneth P. Neiman. (Healy, Bethaney) (Entered: 02/28/2007) |
| 05/16/2007 | 19 | Memorandum from Pretrial Services as to Willie Ray Davis, III: regarding violation of conditions of release. (Healy, Bethaney) (Entered: 05/16/2007) |
| 05/16/2007 | | Magistrate Judge Kenneth P. Neiman. ELECTRONIC ORDER as to Willie Ray Davis, III re 19 Pretrial Services/Probation Memo, ENTERED. "I concur." (Healy, Bethaney) (Entered: 05/16/2007) |
| 05/18/2007 | 20 | Deft's MOTION for departure Departure as to Willie Ray Davis, III filed. (Finn, Mary) (Entered: 05/18/2007) |
| 05/18/2007 | 21 | Deft's MEMORANDUM in Support by Willie Ray Davis, III re 20 MOTION for departure Departure filed. (Attachments: # 1 Exhibit Letters)(Finn, Mary) (Entered: 05/18/2007) |
| 05/18/2007 | 22 | Deft's MOTION maintain Seal and Impoundment of the Govt's Information and accompanying status report as to Willie Ray Davis, III filed. (Finn, Mary) (Entered: 05/18/2007) |
| 05/18/2007 | 23 | Deft's Affidavit of Willie Ray Davis in Support by Willie Ray Davis, III of his 22 MOTION maintain Seal and Impoundment of the Govt's Information and accompanying status report as to Willie Ray Davis, III filed. (Finn, Mary) (Finn, Mary) Modified on 5/21/2007 to add "Affidavit of Joseph Bernard".(Finn, Mary). Modified on 5/21/2007 (Finn, Mary). (Entered: 05/18/2007) |
| 05/21/2007 | | Notice of correction to docket made by Court staff. Correction: text of document 23 corrected because: to change Memorandum to "Affidavit of Willie Ray Davis as to Willie Ray Davis, III. (Finn, Mary) Modified on 5/21/2007 (Finn, Mary). (Entered: 05/21/2007) |
| 05/21/2007 | | Electronic Clerk's Notes for proceedings held before Judge Kenneth P. Neiman :Sentencing held on 5/21/2007 for Willie Ray Davis, III (1), Count(s) 1s, Probation for three years with conditions as follows:1. The defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon.2. The defendant is to pay the balance of the fine according to a court-ordered repayment schedule. 3. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.4. The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorneys Office.5. The defendant is not to consume any alcoholic beverages.6. The defendant is to immediately participate in an inpatient program for substance abuse counseling as directed by the United States Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of |

| | | |
|---|---|---|
| | | third party payment. 7. Following the defendants completion of the inpatient drug treatment program and halfway house component of treatment, the defendant is to serve 5 months in home detention with electronic monitoring and shall pay for the costs of the program as determined under the national contract. The defendant is responsible for returning the monitoring equipment in good condition and may be charged for replacement or repair of the equipment. 8. The defendant shall use his true name and is prohibited from the use of any false identifying information which includes, but is not limited to, any aliases, false dates of birth, false social security numbers, and incorrect places of birth.Assessment fee of $25.00 payable immediately and a fine of $1,000.00 payable immediately or pursuant to a court ordered payment schedule.. (Digital Recording #CD.)(Stuckenbruck, John) (Entered: 05/25/2007) |
| 05/24/2007 | | Judge Kenneth P. Neiman : Electronic ORDER entered denying 20 Defendant's Motion for Departure for the reasons stated in court, and granting in part and denying in part 22 Defendant's Motion to Seal as follows: the file shall be unsealed in thirty days subject to the court's review of any particular documents which the parties assert in writing should remain sealed. So ordered. (Neiman, Kenneth) (Entered: 05/24/2007) |
| 05/24/2007 | 24 | Judge Kenneth P. Neiman : ORDER entered. JUDGMENT as to Willie Ray Davis, III (1), Count(s) 1s, Probation for three years with conditions as follows: 1. The defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon. 2. The defendant is to pay the balance of the fine according to a court-ordered repayment schedule. 3. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding. 4. The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorneys Office. 5. The defendant is not to consume any alcoholic beverages. 6. The defendant is to immediately participate in an inpatient program for substance abuse counseling as directed by the United States Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment. 7. Following the defendants completion of the inpatient drug treatment program and halfway house component of treatment, the defendant is to serve 5 months in home detention with electronic monitoring and shall pay for the costs of the program as determined under the national contract. The defendant is responsible for returning the monitoring equipment in good condition and may be charged for replacement or repair of the equipment. 8. The defendant shall use his true name and is prohibited from the use of any false identifying information which includes, but is not limited to, any |

|  |  |  |
|---|---|---|
|  |  | aliases, false dates of birth, false social security numbers, and incorrect places of birth. Assessment fee of $25.00 payable immediately and a fine of $1,000.00 payable immediately pursuant to a court ordered payment schedule. (Stuckenbruck, John) (Entered: 05/25/2007) |
| 06/15/2007 | 25 | United States of America's MOTION for Copy of Judgment in this Criminal Case as to Willie Ray Davis, III by USA. filed.(Finn, Mary) (Entered: 06/15/2007) |
| 06/15/2007 |  | Magistrate Judge Kenneth P. Neiman. ELECTRONIC ORDER granting 25 Motion Copy of the Judgment in a Criminal Case as to Willie Ray Davis III (1) ENTERED, cc:cl. Copy provided electronically to counsel this day. (Healy, Bethaney) (Entered: 06/15/2007) |
| 06/28/2007 | 26 | MOTION to Waive Cost and Fees as to Willie Ray Davis, III. (Attachments: # 1 Affidavit in Support# 2 Certificate of Service)(Lindsay, Maurice) (Entered: 06/28/2007) |
| 07/06/2007 |  | Judge Kenneth P. Neiman : Electronic ORDER entered denying 26 Defendant's Motion to Waive Costs and Fees. Defendant shall work with the Probation Office to establish a payment schedule. In addition, the court hereby orders that this case be unsealed in accord with its order of May 24, 2007 (ruling on 22 Defendant's Motion to Seal), the court not having since been asked by either party to keep any part of the case file sealed. So ordered. (Neiman, Kenneth) (Entered: 07/06/2007) |
| 07/06/2007 |  | Case unsealed as to Willie Ray Davis, III (Finn, Mary) (Entered: 07/06/2007) |
| 08/08/2007 | 27 | Probation Jurisdiction Transferred to Middle District of Alabama as to Willie Ray Davis, III Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Stuckenbruck, John) Additional attachment(s) added on 8/8/2007 (Stuckenbruck, John). (Entered: 08/08/2007) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-mj-635-KPN |
| | ) | |
| | ) | VIOLATION: |
| v. | ) | |
| | ) | 21 U.S.C. § 844 - Possession of |
| | ) | Cocaine Base |
| WILLIE RAY DAVIS, III | ) | |
| Defendant. | ) | Filed Under Seal |

The United States Attorney charges that:

**INFORMATION**

<u>COUNT ONE</u>:   Title 21, United States Code, Section 844 - Possession of Cocaine Base

On or about August 9, 2005, in the District of Massachusetts, the defendant

**WILLIE RAY DAVIS, III,**

did knowingly and intentionally possess a quantity of cocaine base in the form of crack cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 844.

Filed this <u>6TH</u> Day of February, 2007.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

PAUL HART SMYTH
Assistant United States Attorney

I hereby certify on 2/6/07 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on ___
☒ original filed in my office on 2/6/07
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

1

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**WILLIE RAY DAVIS** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 3  07 CR 30002 - 001 - KPN<br>USM Number: 12060-002<br>JOSEPH BERNARD, ESQ.<br>Defendant's Attorney |

☐ Additional documents attached

☐
**THE DEFENDANT:**
☑ pleaded guilty to count(s)   1
☐ pleaded nolo contendere to count(s)
    which was accepted by the court.
☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:844 | Possession of Cocaine Base | 08/09/05 | 1 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

05/21/07
Date of Imposition of Judgment

_[signature]_
Signature of Judge

The Honorable Kenneth P. Neiman
Magistrate Judge, U.S. District Court
Name and Title of Judge

May 24, 2007
Date

I hereby certify on 8/8/07 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on 5/22/07
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _[signature]_
Deputy Clerk

≈AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 4 - D. Massachusetts - 10/05

DEFENDANT: **WILLIE RAY DAVIS**
CASE NUMBER: **3 07 CR 30002 - 001 - KPN**

Judgment Page __2__ of __9__

## PROBATION

☐ See continuation page

The defendant is hereby sentenced to probation for a term of :   3   year(s)

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT:    WILLIE RAY DAVIS
CASE NUMBER:  3 07 CR 30002 - 001 - KPN

Judgment—Page ___3___ of ___9___

# ADDITIONAL ☐ SUPERVISED RELEASE ☑ PROBATION TERMS

1. The defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon.
2. The defendant is to pay the balance of the fine according to a court-ordered repayment schedule.
3. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.
4. The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.
5. The defendant is not to consume any alcoholic beverages.
6. The defendant is to immediately participate in an inpatient program for substance abuse counseling as directed by the United States Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment.
7. Following the defendant's completion of the inpatient drug treatment program and halfway house component of treatment, the defendant is to serve 5 months in home detention with electronic monitoring and shall pay for the costs of the program as determined under the national contract. The defendant is responsible for returning the monitoring equipment in good condition and may be charged for replacement or repair of the equipment.

## Continuation of Conditions of ☐ Supervised Release ☑ Probation

8. The defendant shall use his true name and is prohibited from the use of any false identifying information which includes, but is not limited to, any aliases, false dates of birth, false social security numbers, and incorrect places of birth.

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

DEFENDANT: **WILLIE RAY DAVIS**
CASE NUMBER: 3 07 CR 30002 - 001 - KPN

Judgment — Page 4 of 9

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $25.00 | $1,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

☐ See Continuation Page

| TOTALS | $0.00 | $0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the    ☑ fine    ☐ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

DEFENDANT: **WILLIE RAY DAVIS**  Judgment — Page 5 of 9
CASE NUMBER: 3 07 CR 30002 - 001 - KPN

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____, or
   ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒ Special instructions regarding the payment of criminal monetary penalties:

Assessment fee due immediately. Fine to be paid immediately or pursuant to a court ordered payment schedule. Defendant shall notify the U.S. Atty. for this district within 30 days of any change of mailing or residence address that occurs while any portion of the fine remains unpaid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B   (Rev. 06/05) Criminal Judgment
         Attachment (Page 1)   Statement of Reasons - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: **WILLIE RAY DAVIS** | Judgment — Page 6 of 9 |
| CASE NUMBER: **3 07 CR 30002 - 001 - KPN** | |
| DISTRICT: **MASSACHUSETTS** | |

# STATEMENT OF REASONS

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☑ The court adopts the presentence investigation report without change.

B ☐ The court adopts the presentence investigation report with the following changes.
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

   1 ☐ Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level, or specific offense characteristics):

   2 ☐ Chapter Three of the U.S.S.G. Manual determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   3 ☐ Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

   4 ☐ Additional Comments or Findings (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

   ☐ findings of fact in this case
   ☐ substantial assistance (18 U.S.C. § 3553(e))
   ☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:       6
Criminal History Category: III
Imprisonment Range:        2    to  8    months
Supervised Release Range:  0    to  1    years
Fine Range: $ 1,000   to $ 5,000
☐ Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: **WILLIE RAY DAVIS** | Judgment — Page 7 of 9 |
| CASE NUMBER: **3 07 CR 30002 - 001 - KPN** | |
| DISTRICT: **MASSACHUSETTS** | |

# STATEMENT OF REASONS

**IV ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☑ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use Section VIII if necessary.)

C ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

D ☐ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A **The sentence imposed departs** (Check only one.):
   ☐ below the advisory guideline range
   ☐ above the advisory guideline range

B **Departure based on** (Check all that apply.):

   1 **Plea Agreement** (Check all that apply and check reason(s) below.):
      ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
      ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
      ☐ binding plea agreement for departure accepted by the court
      ☐ plea agreement for departure, which the court finds to be reasonable
      ☐ plea agreement that states that the government will not oppose a defense departure motion.

   2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
      ☐ 5K1.1 government motion based on the defendant's substantial assistance
      ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
      ☐ government motion for departure
      ☐ defense motion for departure to which the government did not object
      ☐ defense motion for departure to which the government objected

   3 **Other**
      ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

AO 245B (05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT: **WILLIE RAY DAVIS**
CASE NUMBER: **3 07 CR 30002 - 001 - KPN**
DISTRICT: **MASSACHUSETTS**

Judgment — Page 8 of 9

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

 A **The sentence imposed is** (Check only one.):
  ☐ below the advisory guideline range
  ☐ above the advisory guideline range

 B **Sentence imposed pursuant to** (Check all that apply.):

  1 **Plea Agreement** (Check all that apply and check reason(s) below.):
   ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
   ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
   ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

  2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
   ☐ government motion for a sentence outside of the advisory guideline system
   ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
   ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

  3 **Other**
   ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

 C **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

  ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
  ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
  ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
  ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
  ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
  ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
  ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

 D **Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

AO 245B (05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: **WILLIE RAY DAVIS** | Judgment — Page 9 of 9 |
| CASE NUMBER: 3 07 CR 30002 - 001 - KPN | |
| DISTRICT: MASSACHUSETTS | |

## STATEMENT OF REASONS

### VII COURT DETERMINATIONS OF RESTITUTION

A ☑ Restitution Not Applicable.

B Total Amount of Restitution: _____

C Restitution not ordered (Check only one.):

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

### VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 00/00/1962

Defendant's Residence Address:

Defendant's Mailing Address:

Date of Imposition of Judgment
05/21/07

Signature of Judge
The Honorable Kenneth P. Neiman   Magistrate Judge, U.S. District Court
Name and Title of Judge
Date Signed   May 24, 2007